# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MAE M. MCINTIRE,<br><br>        Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>        Defendant. | No. C 14-3027-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA)** |

_____

This case is before me on plaintiff Mae M. McIntire's November 17, 2015, Application For Attorneys Fees Under The Equal Access To Justice Act (docket no. 19). McIntire's Application follows my August 31, 2015, Order (docket no. 17), in which I accepted Judge Strand's June 25, 2015, Report and Recommendation (docket no. 16), reversed the Commissioner's decision determining that McIntire was not disabled, and remanded McIntire's claim to the Commissioner for further proceedings. On August 31, 2015, the Clerk of Court entered Judgment (docket no. 18) accordingly.

In her present Application, McIntire seeks an award of $4,451.01 in attorney's fees pursuant to the Equal Access To Justice Act (EAJA), 28 U.S.C. § 2412, and requests that, after any offset, the fees be delivered to her attorney. McIntire has assigned her claim for attorney's fees to counsel, as reflected in a fee agreement attached to her Application. On December 7, 2015, the Commissioner filed a Response (docket no. 20), stating that the Commissioner has no objection to McIntire's request for attorney's fees under the EAJA in the amount of $4,451.01. The Commissioner requests, however, that the order specifically award attorney's fees to be paid by the Social Security

Administration and that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the fees be made payable to McIntire, as the litigant, subject to offset to satisfy any pre-existing debt that McIntire owes to the United States.

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the EAJA, "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

Here, the Commissioner disputes neither McIntire's entitlement to attorney's fees under the EAJA, nor the hourly rates requested by McIntire ($188.51 per hour for 22.4 hours and $190.29 per hour for 1.2 hours), nor the total of $4,451.01 for attorney's fees. I also find that an award of attorney's fees, pursuant to EAJA, in the amount of $4,451.01 is just and appropriate. Thus, the only question is whether the award should be paid to McIntire or her attorney, pursuant to her assignment. In *Astrue v. Ratliff*, the United States Supreme Court held that, under the EAJA, awards of statutory attorney's fees must be *payable* to the prevailing Social Security plaintiff, not to her attorney. 560 U.S. 586, 130 S. Ct. 2521, 2529 (2010). However, if it is consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be *mailed* to McIntire's attorney, Thomas A. Krause. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011

(E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

THEREFORE, plaintiff Mae M. McIntire's November 17, 2015, Application For Attorneys Fees Under The Equal Access To Justice Act (docket no. 19) is **granted**, as follows:

1. McIntire is awarded $4,451.01 in attorney's fees pursuant to the EAJA, *see* 28 U.S.C. § 2412;

2. The fee award shall be paid by the Social Security Administration, *see* 28 U.S.C. § 2412(d)(4);

3. The fee award shall be made *payable* to plaintiff McIntire, but, if it is consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be *mailed* to McIntire's attorney, Thomas A. Krause.

**IT IS SO ORDERED**.

**DATED** this 15th day of December, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA